IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| | |
|---|---|
| GERALD T. DROUGHT, Individually, and on Behalf of All Others Similarly Situated | § § § |
| VS. | § CASE NO. SA07CA0068 RF § |
| STATE FARM FIRE AND CASUALTY COMPANY, and STATE FARM LLOYDS, INC. | § § § JURY DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, GERALD T. DROUGHT, individually, and on behalf of all others similarly situated, files this Class Action Complaint against Defendants, STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM LLOYDS, INC., and alleges as follows:

### I.   NATURE OF THE ACTION

STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM LLOYDS, INC. (hereinafter referred to as "Defendants") issue homeowner's policies throughout the United States. Hail and windstorm are covered perils. When a loss is incurred, the Defendants deduct from the payment due an amount they determine for depreciation. Defendants refuse to pay this amount until the property is repaired by the homeowner. The policies require payment in full, less the deductible, but there is no provision allowing a deduction for depreciation. Defendants' conduct is a breach of the insurance contract and a deceptive trade practice.[1]

---

[1] Contemporaneous with the filing of this suit, Plaintiff is sending a notice letter to Defendants pursuant to the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"). Plaintiff reserves the right to amend this Complaint to include claims under the DTPA and other states' similar consumer protection laws once the statutory notice period has expired.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this matter by virtue of the Class Action Fairness Act ("CAFA") of 2005. The class members exceed 100 in number and their aggregate claims exceed $5 million. Moreover, members of the class are citizens of states different than that of one of the Defendants.

Venue is proper in the U.S. District Court for the Western District of Texas under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District Texas.

## III. THE PARTIES

GERALD T. DROUGHT is an individual who resides at 520 College Blvd., San Antonio, Bexar County, Texas.

STATE FARM FIRE AND CASUALTY COMPANY is a Texas corporation with its principal office in Bloomington, Illinois, and may be served with process by serving its Registered Agent, Bob Jeffus, at 17031 Preston Rd., Dallas, Texas 75248.

STATE FARM LLOYDS, INC., is a Texas corporation with its principal office in Bloomington, Illinois, and may be served with process by serving its Registered Agent, Bob Jeffus, at 17031 Preston Rd., Dallas, Texas 75248.

## IV. ALLEGATIONS

1. Defendants sell homeowners insurance throughout the United States, and issue standard form homeowners policies to their insureds. The policies cover windstorm and hail damage.

2.   In the event of loss resulting from windstorm or hail, the policies require the insurer to "…pay up to the applicable limit of liability … the reasonable and necessary cost to repair or replace with similar construction … the damaged part of the property … .

3.   Defendant STATE FARM LLOYDS, INC. issued Plaintiff a policy of insurance, a true and exact copy of which is attached hereto as **Exhibit "A"**.  Defendants issue these types of insurance policies throughout the United states.  The forms of the policies are regulated by state agencies that regulate insurance companies, such as the Texas Department of Insurance.  In May 2006, while the policy was in full force, Plaintiff suffered hail damage to his property, as did many other people in San Antonio.  Plaintiff made a claim with Defendant STATE FARM LLOYDS, INC.  Defendant STATE FARM LLOYDS, INC. inspected the property and indeed found a covered loss to the roof of the property in the amount of $6,688.13.  A deductible of $3,810.00 applied resulting in a payment due of $2,878.13.   Despite the clear wording of the policy, Defendant STATE FARM LLOYDS, INC. refused to pay this amount and instead withheld $2,081.45 as depreciation and offered to pay only $796.68.  Plaintiff refused the offer.  Nothing in the policy allows Defendants to withhold payment for depreciation, and withholding same constitutes a breach of the contract.  In refusing to pay the claim in full, Defendants falsely represent to their insureds that "your policy requires that repairs/replacement be completed before these benefits may be claimed."

4.   Plaintiff alleges that Defendants profit significantly from this illegal conduct because many insureds choose to accept the amount offered and never seek the amount withheld as depreciation.  There are many reasons why an insured would want to wait to have repairs done, i.e. no immediate problems, future remodeling plans, plans to sell the property, less than total loss, such as only part of a roof being damaged, etc.

## V. CLASS ALLEGATIONS

5. Plaintiff files this Complaint on his individual behalf and on behalf of all the following:

    a. All homeowner policyholders of the Defendants who:

        1. have suffered hail or windstorm damage, and

        2. their property was within the territorial limits of the United States, and

        3. the loss settlement provisions of their policies are the same or substantially similar to those in Exhibit "A" hereto, and

        4. Defendants have withheld payment due to depreciation.

    b. All homeowner policyholders of the Defendants who have insured property within the territorial limits of the United States with a policy that has the loss settlement provisions which are the same or substantially similar to those in Exhibit "A" hereto.

6. Plaintiff is not aware of any other class action case having been filed against these Defendants asserting these claims.

## VI. RELIEF REQUESTED

**Damages**

7. Plaintiff has been damaged in the amount of $2,878.13. In addition, Plaintiff has been and continues to be damaged by not having the use of said funds until and if Defendant STATE FARM LLOYDS, INC. chooses to pay same. Plaintiff, on behalf of the class, seeks the same types of damages for others defined in paragraph 5a. of Class Allegations.

**Declaratory Judgment**

8.       Plaintiff brings this suit on his own behalf and on behalf of the class defined in paragraph 5b of the Class Allegations for declaratory judgment declaring Defendants have no right under the policies to withhold payment for depreciation.

### VII.     ATTORNEY'S FEES

9.       Plaintiff and the class are entitled to recover their attorney's fees pursuant to Civ. Prac. & Rem. Code § 38.001(8), Civ. Prac. & Rem. Code § 37.009, and similar statutes of the various states, and as are allowed under CAFA.

### VIII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, GERALD T. DROUGHT, individually and on behalf of all others similarly situated, prays that:

1. Defendants, STATE FARM FIRE & CASUALTY COMPANY and STATE FARM LLOYDS, INC. be cited to appear;

2. The Court certify one or more classes pursuant to CAFA;

3. Plaintiff and the class recover their actual damages;

4. The Court grant the declaratory relief requested;

5. Plaintiff and the class recover reasonable and necessary attorney's fees, both at trial and on appeal;

6. Plaintiff and the class recover all pre-judgment interest, post-judgment interest and costs of court allowed by law;

7. Plaintiff and the class have such other relief to which they may be entitled.

Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, TX 78205
Telephone:  (210) 227-7591
Facsimile:   (210) 227-7924

By: _____
APRIL ALLISON
State Bar No. 24036597

W:\LIT\GTD\STATE FARM\COMPLAINT.doc